Leigh-Davis Glass
Reg. no. 24821-112
Federal Prison Camp--FCC Victorville
P.O. Box 5100
Adelanto, CA 92301

For the Petitioner

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 08     1585

Leigh-Davis Glass,         | No. _____
    Petitioner,            |
                           |                    (PR)
    v.                     | URGENT
Robert E. McFadden, Regional Director; | PETITION FOR A
Federal Bureau of Prisons; Tereser | WRIT OF
A. Banks, Warden; and Michael | HABEAS CORPUS
Mukasey, U.S. Attorney General, | [28 U.S.C. § 2241]
    Respondents.           | (ALTERNATIVELY, FOR A WRIT OF ERROR
                           | CORAM NOBIS, (page 4))

Comes now Ms. Leigh-Davis Glass, who petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and requests that it be heard on an URGENT basis.

This matter is URGENT, because as described herein, Ms. Glass suffers from fatal health issues, and is admittedly incarcerated illegally, by the trial judge.

1 of 17

1  Currently, Ms. Glass is incarcerated illegally for
2  the third (3RD) time, by the same Judge who "bragged,"
3  in open court about incarcerating Ms. Glass illegally.
4  A true and correct copy of the 12-2-03 Transcript
5  where the Judge brags, "you are being held illegally" is
6  attached as EXHIBIT "A" and is incorporated herein by
7  this reference.
8    Shockingly, Ms. Glass is the ONLY "citizen"
9  in the United States to have the right to petition for a
10 writ of habeas corpus, suspended. Even more shocking,
11 Ms. Glass is the ONLY person in the entire history of
12 the United States of America's 231 year history, to
13 have the right unilaterally suspended by a sole district
14 court judge; all in violation of the U.S. Constitution,
15 article I, Section 9, Clause 2.
16   Ms. Glass is incarcerated illegally. Ms. Glass
17 suffers from chronic illness; and has fought cancer,
18 which has not been resolved. Currently, the prison is
19 not providing Ms. Glass with the necessary medication
20 and medical care that she needs. Thereby, this petition
21 is an urgent matter.
22   Ms. Glass has filed OVER twenty (20)
23 petitions for a writ of habeas corpus; all of which
24 have been destroyed and disappeared, or were
25 suspended by the same judge that incarcerated Ms.
26 Glass illegally. Based on information and belief, this
27 Judge destroyed Ms. Glass' petitions, because he
28 wishes Ms. Glass to remain illegally incarcerated.

Pursuant to § 2241, Ms. Glass challenges both her incarceration as being illegal, and also, the way in which her sentence is implemented. (See, U.S. v. Espinoza, 866 F.2d 1067, 1069-71 (9th Cir. 1988)(Claim for presentence jail credits not cognizable in Section 2255 action.)). Further, Ms. Glass claims actual innocence.

PARTIES | ADDRESSES

① ROBERT E. McFADDEN, Regional Director
Robert E. McFadden, Regional Director
Federal Bureau of Prisons
7950 Dublin Blvd., 3RD FL
Dublin, CA 94568

② FEDERAL BUREAU OF PRISONS
OFFICE OF THE GENERAL COUNSEL
FEDERAL BUREAU OF PRISONS
320 FIRST STREET, NW
WASHINGTON, D.C. 20534

③ TERESER A. BANKS, Warden
Tereser A. Banks, Warden
Federal Correctional Institution-Victorville
P.O. Box 5400
Adelanto, CA 92301

④ MICHAEL MUKASEY, Attorney General
Michael Mukasey
U.S. Attorney General
Department of Justice
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

VENUE & JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 2241. MS. GLASS IS CURRENTLY INCARCERATED, AND NOT ONLY CHALLENGES CUSTODY, BUT ALSO, BOP POLICY. MS. GLASS HAS EXHAUSTED THE ADMINISTRATIVE REMEDY PROCEDURES, AND MR. McFADDEN, REGIONAL DIRECTOR, HAS DENIED HER REQUESTS FOR EARLY RELEASE, AND ALSO, IMMEDIATE HALFWAY HOUSE PLACEMENT. PURSUANT TO §2241, MR. McFADDEN IS SUBJECT TO THE JURISDICTION OF THIS COURT; AND SUPPLEMENTAL JURISDICTION, PURSUANT TO 28 U.S.C. § 1367, COVERS THE OTHER PARTIES. SEE, Rasul v. Bush, 124 S.Ct. 2686, 2695 (U.S. 2004).

NOTICE OF URGENCY

Ms. Glass is serving an entirely illegal sentence of 78 months. She is scheduled to be released in 18 months. If this court does not take immediate action, Ms. Glass will be left without remedy.

Additionally, Ms. Glass argues herein, she is entitled to 1 year of credit for presentence time served (CLAIM 15,) and she is entitled to immediate release to a halfway house (CLAIM 11.)

Most importantly, as detailed herein and on Page 2, paragraph 3, Ms. Glass has fatal health issues that the prison has not been able to care for.

For all of the foregoing reasons, this Petition must be heard on an URGENT basis.

ALTERNATIVELY, CONSTRUE THIS AS A PETITION FOR A WRIT OF ERROR CORAM NOBIS

Alternatively, Ms. Glass argues, this Court has jurisdiction to hear this matter as a petition for a Writ of Error Coram Nobis, because there is no other remedy available to Ms. Glass, if this case is transferred back to the trial court. This is the highly unusual case, where the trial judge has repeatedly "bragged", (on and off the record,) that he intentionally incarcerated Ms. Glass illegally. SEE, EXHIBIT "A." Then, in violation of Art. I, Sec. 9, Cl. 2, of the U.S. Constitution, this same judge illegally suspended Ms. Glass' right to the Writ of habeas corpus. U.S. v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007)(The Writ of Error Coram Nobis is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no conventional remedy is applicable."); ACCORD, Hirabayashi v. U.S., 828 F.2d 591, 604 (9th Cir. 1987)

It is "silly" to think, a judge who has intentionally caused an illegality, would reverse himself.

(4 of 17)

**CLAIMS**

ONE — After numerous requests, I was denied my 6th Amendment, (hereinafter "A.") right to counsel at sentencing. I was denied a presentence investigation. In violation of 5th A. due process, I was sentenced on a false PSR, to which none of the disputed facts were ruled on by the court.

TWO — I was denied my 6th A. right to the compulsory process to obtain witnesses. After numerous requests, not a single witness was subpoenaed, and I was left with no witnesses at Trial and Sentencing.

THREE — The District Court lacked jurisdiction, and admitted this in ruling on my F.R.C.P. 34 motion to arrest judgment. A true and correct copy of the 11-17-04 Order where the District Court rules, "the Court does not have jurisdiction of any of the charged offenses" is attached as EXHIBIT "B" and is incorporated by this reference.

The Government, (Hereinafter "Gov.") waived arguing jurisdiction, when it did not oppose Ms. Glass' motion, nor the Court's ruling. The District Court lacked jurisdiction because, among other things, the District Court was divested of jurisdiction on 10-4-04, when a double jeopardy appeal was filed (U.S. v. Glass, SA CR 02-331 DOC, DKT 253, 10-4-04, 9th CIR. APPEAL NO. 04-50486). Also, as set forth INFRA, (in CLAIMS 6 AND 7,) the charges did not constitute a criminal offense. Additionally, none of the alleged illegal conduct occurred in the Central District

1. of California.
2.     <u>FOUR</u> — The Speedy Trial Act was violated, and
3. this case was required to be dismissed, pursuant to 18
4. U.S.C. § 3162(a)(2). Further, there has been a change in the
5. law: Defendants cannot waive the Speedy Trial Act. <u>See</u>,
6. <u>Zedner v. U.S.</u>, No. 05-5992, 79 Cr.L 270, 547 U.S. ___,
7. 126 S. Ct. 1976, 164 L.Ed.2d 749 (U.S. 6/5/2006).
8.     Lastly, I was denied my right to equal protection
9. under the law, when Judge Carter, (knowing the law
10. required him to dismiss the indictment,) refused to rule
11. on my Motion to Dismiss Due to Violation of the Speedy
12. Trial Act. This motion remains pending and has <u>NEVER</u>
13. been ruled on. <u>See</u>, the following docket entries:
14.     ✱DKT 218, 9-27-04 -- District Court stated it was delaying ruling;
15.     ✱DKT 238, 10-4-04 -- District Court again delayed ruling;
16.     ✱Subsequently, the District Court refused to rule, and
17.     to date, there has been no ruling.
18.     <u>FIVE</u> — I was denied my 6th A. right of
19. confrontation, because I was <u>NOT</u> allowed to cross-examine
20. a single witness at trial <u>AND</u> sentencing.
21.     <u>SIX</u> — My conduct did <u>NOT</u> amount to a
22. criminal offense. The District Court refused to rule on
23. this part of my F.R.Cr.P. 34 motion, and the Gov. did not
24. oppose. <u>SEE, EXHIBIT «B»</u>. Further, in violation of 5th A.
25. due process, the Gov. impermissibly amended the entire
26. indictment and charged me with five (5) completely
27. different charges at trial.
28. ///

1. Without notice, at trial, the Gov. argued the following charges:
2.     COUNT 1    Forgery
3.     COUNT 2    Forgery
4.     COUNT 3    18 U.S.C. §1014 - False Statement to a Bank
5.     COUNT 4    18 U.S.C. §1014 - False Statement to a Bank
6.     COUNT 5    18 U.S.C. §1623(c) - Inconsistent Declarations.
7.     <u>SEVEN</u> — In violation of 5th A. due process,
8. there was insufficient evidence to convict me, and the
9. District Court acknowledged this in ruling on my F.R.Cr.P.
10. 29 Motion for Judgment of Acquittal. <u>SEE, EXHIBIT "B"</u>.
11. The District Court ruled that I was being convicted
12. under a theory of default, and without any evidence or
13. findings of facts, stated, "the Court finds that defendant
14. had consciously chosen not to participate in proceedings."
15. (<u>SEE, EXHIBIT "B"</u>). Certainly, a criminal judgment by
16. default is unconstitutional, because "beyond a reasonable
17. doubt" is the minimum standard of proof.
18.     Further, the Gov. waived arguing in opposition
19. of insufficient evidence, when it did not oppose my
20. motion, nor the Court's ruling.
21.     Moreover, the jury verdict is void, because the
22. Court used an improper standard of proof, when it
23. instructed the jury to convict me based on default.
24.     Furthermore, in COUNTS 1 and 2, neither did
25. the indictment charge the element of an oath, nor did the
26. Gov. argue at trial, the element of an oath. It is
27. indisputable, COUNTS 1 and 2 <u>must</u> be dismissed with prejudice,
28. because the U.S. Supreme Court has clarified, 18 U.S.C. §1623

1. does NOT apply to cases where declarations are executed
2. in unknown places, and then, later made a part of the
3. court's record. Dunn v. U.S., 442 U.S. 100, 113, 99 S.Ct. 2190,
4. 2197, 60 L.Ed.2d 743, 754 (U.S. 1979)(Congress' intent was that
5. §1623 would NOT "encompass statements made in contexts
6. less formal than a deposition.")(EMPHASIS ADDED).
7.   Also, it is indisputable, COUNT 5 MUST be
8. dismissed with prejudice, because the Declaration is
9. true. At trial, the Gov. failed to argue that I was under
10. oath; how the statement was material; or that no "third
11. party" was involved. Rather, the Gov. argued that Megan
12. Clevenger never made arrangements with me. The
13. Declaration said, I made arrangements with "a third
14. party," and the Gov. did not even try to prove: NO THIRD
15. PARTY WAS INVOLVED.
16.   Additionally, COUNTS 3 and 4 do not charge a
17. criminal offense, because the indictment does not allege,
18. and the Gov. did not argue, facts supporting a "scheme or
19. artifice to defraud," nor Ms. Glass' intent "to obtain moneys,"
20. as required by 18 U.S.C. §1344. Further, the Gov. utterly
21. failed to argue that either bank was FDIC insured, which
22. is a necessary jurisdictional element.
23.   EIGHT — In violation of the 6th A., I was
24. denied a public trial when proceedings were held at
25. midnight and later, while the courthouse doors were locked.
26. When on 10-7-04, in my absence, the Judge let the jury
27. in, and then, made slanderous comments about me; I was
28. denied a fair trial, as well as, the right to be present. (SEE

(8 of 19)

1. 10-7-04 A.M. TRANSCRIPT). Additionally, I was denied a public
2. trial when: the Judge repeatedly based his rulings on
3. extraneous evidence that he obtained secretly, through
4. extrajudicial affairs; and also, when the Judge engaged in
5. ex parte communications with the prosecutor, including
6. ex parte sidebars that were subsequently sealed.
7.     NINE — I was denied trial counsel and
8. appellate counsel. At sentencing, I was not advised of my
9. right to appeal. (SEE, TRANSCRIPT of sentencing hearing on
10. 3-23-05). Further, the Judge purposefully delayed transcript
11. production, in order to impede my appeal.
12.     TEN — There has been a change in the law,
13. which makes it mandatory for a judge to consider 18 U.S.C.
14. § 3553(a) factors. (SEE, U.S. v. Zavala, (per curiam), 443
15. F.3d 1165 (9th CIR. 2006)). In my case, the Judge refused to
16. consider a single §3553(a) factor; orally ruling, "there
17. is nothing outside of the heartland." (SEE, 3-23-05
18. TRANSCRIPT).
19.     ELEVEN — There has been a change in
20. the law, which bars the Bureau of Prisons ("BOP") from
21. limiting halfway house placement to six (6) months. (SEE,
22. Fults v. Sanders, 442 F.3d 1088, 79 CrL 86, No. 05-3490 (8th CIR.
23. 4/6/06); ACCORD, Goldings v. Winn, 383 F.3d 17, 75 CrL 612 (1st
24. CIR. 2004); ACCORD, Woodall v. Federal Bureau of Prisons, 432 F.3d
25. 235, 78 CrL 339 (3d. CIR. 2005); ACCORD, ELWOOD v. JETER, 386
26. F.3d 842 (8th CIR. 2004)). However, the BOP refuses to follow
27. the new law, and using old law, continues to deny my
28. transfer to a halfway house.

1  TWELVE — In violation of 5th A. due
2  process, I was denied experts and necessities of my
3  defense, including, but not limited to: Transcripts;
4  subpoena of documents and witnesses; and access/copies
5  of the court record. (In fact, there was NO official record
6  in the courthouse, because it was checked out to the Ninth
7  Circuit for nearly all of 2004.)
8  THIRTEEN — My equal protection rights and
9  the 5th A. is violated, because I am not allowed to
10 participate in the drug program; due to the fact, I have
11 no drug use history. Thereby, I cannot receive an extra
12 one (1) year off, and extra early release to a halfway
13 house, pursuant to 28 CFR § 550.58. Shamefully, the
14 Judge still ordered my Supervised Release conditions to
15 require drug and alcohol testing, "Because [I am] Black."
16 I am demanding to be allowed to enroll in the residential
17 drug program.
18 FOURTEEN — Victorville Federal Prison
19 Camp has a "pattern & practice" of violating BOP policy,
20 and then, retaliating against any inmate that complains.
21 Among other things, the law library has not been updated
22 since around 2004; legal mail is distributed as regular
23 mail; the work release program (18 U.S.C. § 3622(c)) is
24 not allowed; prescribed medications are denied; mail is
25 distributed by inmates and/or distributed to inmates
26 other than the addressee; and sometimes, outgoing and
27 incoming mail is NOT processed for days. Therefore, I
28 request the prison be ordered to comply with policy.

1   <u>FIFTEEN</u> — I am entitled to "at least" one
2   (1) year of additional jail credit; which would bring my
3   release date to about one (1) month ago. First, contrary
4   to the standard practice, I did not receive credit for
5   court dates, on which I was ordered to appear in court;
6   my arraignments; nor the trial dates. Second, I must
7   receive credit for the over six (6) months I wore an
8   ankle braclet, because the ankle braclet was solely a
9   punishment. (SEE, <u>U.S. v. Howard</u>, 429 F.3d 843, 851 (9th CIR.
10  2005)(If a restriction or condition is <u>NOT</u> reasonably related
11  to a legitimate goal, then a court may infer it is a
12  punishment). Third, I must receive credit for every day
13  I had to report to pretrial services, because I had to
14  drive nearly 70 miles; was in custody and was not free to
15  leave; and some days I waited there nearly all day.
16      <u>SIXTEEN</u> — I was denied my 6th A. right
17  to an impartial jury, and also, there was illegal jury
18  tampering. First, on 10-8-04, the U.S. Marshals wanted to
19  go home early, for the three (3) day, Columbus Day, Holiday
20  weekend, so they denied the jury lunch and told the jury to
21  hurry up and render a verdict. Second, the jury saw my
22  ankle braclet. Third, the Judge berated me to the jury,
23  while I was absent from the courtroom. (SEE, 10-7-04
24  A.M. TRANSCRIPT, where the Judge yells to the jury, "Is Ms.
25  Glass going to appear today!?!"). Fourth, the venue was
26  fraudulently manipulated, so that both the grand jury,
27  and trial, were held in an area where no black people would
28  be in the jury pool; because I am black. Fifth, the

(11 of 17)

1  jury instructions were improper; an improper standard of
2  proof was used; and the Judge wrongfully instructed the
3  jury to find me in default, and convict me based on this
4  default. (SEE, GIBSON v. ORTIZ, 387 F.3d 812, 823 (9th Cir.
5  2004)(Granting Writ of Habeas Corpus, because it was
6  improper to present to the jury, an exception to the correct
7  standard of proof; and it was improper to offer this
8  exception as a possible means of conviction)).
9      SEVENTEEN — My 5th A. Right to be free
10 from self-incrimination and my 4th A. Right to be free
11 from warrantless searches and seizures, were both
12 violated. First, on 12-1-03, I was interrogated about the
13 charges, by the Judge. Later, I was seized. Then, the
14 car I was driving, and all of my belongings were
15 seized and searched. The Ninth Circuit later declared,
16 this was an unlawful arrest. (SEE, U.S. v. GLASS, 361
17 F.3d 580 (9th Cir. 2004)). Subsequently, the Gov.'s fruits
18 of the poisonous tree were used to obtain several
19 superseding indictments, and convict me.
20     Second, in 2002, the alleged bank fraud
21 victim in Count 3, Megan Clevenger, became an agent
22 for the FBI, and conducted several illegal warrantless
23 searches and seizures of financial records, that Ms.
24 Clevenger testified were not hers. Thereby, Ms.
25 Clevenger had no legal right to access these records.
26     EIGHTEEN — In violation of my 5th A.
27 due process rights, "material" false evidence was
28 used against me, including, but not limited to, false

12 of 17

1  U.S. Post Office certification of a P.O. Box; false
2  testimony; and unauthenticated pages from an internet
3  website. Also, <u>Brady</u> evidence was hidden, and much
4  <u>Brady</u> evidence remains hidden to date. However, less
5  than a month before trial, thousands of pages of
6  documents were belatedly turned over. Of course,
7  Ms. Glass did <u>NOT</u> have the time, nor the resources, to
8  go through these documents. Additionally, <u>JENCKS</u>
9  witness statements were never turned over. Moreover,
10 the Gov. falsely stated, certain handwriting samples were
11 known. Furthermore, I was barred from presenting
12 any exculpatory evidence at trial or sentencing;
13 and what little circumstantial evidence the Gov. had,
14 was <u>ALL</u> obtained from the Gov.'s illegal searches
15 and seizures, and illegal break-ins at my home.
16     <u>NINETEEN</u>— The trial judge was bias
17 and vindictive, because I repeatedly went on television
18 and described how he had sexually harassed me, and
19 stole the car I was driving on 12-1-03. Then, the
20 Judge became more enraged when his bogus contempt
21 order was overturned by the Ninth Circuit. (<u>SEE</u>,
22 <u>U.S. v. GLASS</u>, 361 F.3d 580 (9th cir. 2004)). Among other
23 things, the Judge bragged about conducting his own
24 investigation; and used evidence he obtained
25 through extrajudicial investigations and interviews.
26 Also, the Judge, repeatedly, fraudulently tampered with
27 transcripts and the official record. Also, the Judge
28 lied about evidence, and the Judge "secretly" told the

(13 of 17)

court clerk <u>not</u> to file any of my submissions.

In addition to exposing the trial judge in the documentary "PERVERT: THE HISTORY OF SEXUAL HARASSMENT LAW;" I have made three (3) complaints to the Ninth Circuit Judicial Council, against this Judge, (which are still pending.)(<u>SEE</u>, NINTH CIRCUIT Nos. 07-89047 & 07-89094).

<u>TWENTY</u> — In violation of the 8th A. & 5th A., I was given a disparate sentence; which amounts to cruel and unusual punishment, because my sentence does not reflect an individualized assessment of my culpability. (<u>SEE</u>, <u>SOLEM v. HELM</u>, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed. 637 (U.S. 1983)(A reviewing court may overturn a sentence that is so disproportionate to the offense, it constitutes cruel and unusual punishment.)). Among other things, my sentence is 1,500% higher than similarly situated defendants, and the Judge admitted, my punishment was based on my publicizing that he had sexually harassed me. Additionally, I was subjected to bogus restitution and forfeiture orders, and unjustified, lengthy, supervised release conditions.

Clearly, my sentence was a sham, because, among other things, not a single disputed fact was ever settled by the Court; I was denied a presentence investigation; the PSR was false and contradicted itself, as well as, contradicted the Gov.'s position; there was no proof of loss; and the Gov. was

(14 of 17)

1 | <u>NOT</u> required to satisfy its burden of proof by
2 | a preponderance of the evidence.
3 |          Moreover, on 3-23-05, at my sentencing
4 | hearing, the Judge admitted, on the record, "The
5 | normal sentence is 24 months." (<u>SEE, 3-23-05 TRANSCRIPT</u>).
6 |          Furthermore, in violation of the 8th A., I
7 | have been subjected to cruel and unusual punishment,
8 | because I have been denied necessary medical care,
9 | and I have been victimized by both inmates and officers,
10 | while incarcerated. Currently, I am on "chronic care"
11 | medical status, and I have fatal health issues, the
12 | Prison has been unable to address. (<u>U.S. v. GARCIA</u>, 340
13 | F.3d 1013, 1019-1020, 1022 (9th Cir. 2003).
14 |          <u>TWENTY-ONE</u> — The cumulative effect
15 | of all the claims herein, turned my trial in to a sham
16 | and a circus, which the District Court acknowledged had
17 | an audience that was "standing room only." (<u>SEE</u>,
18 | 10-7-04, A.M. TRANSCRIPT OF TRIAL, page 6, lines 2-5, where
19 | the Judge says, "This case has becoming [sic] somewhat
20 | infamous, and I have had people crowding into the
21 | courtroom from the private bar and the U.S. Attorneys
22 | office to watch this because it's become so well-known.").
23 |          Clearly, the Judge has no respect for
24 | the law, in my case. Otherwise, the Judge would not
25 | have fraudulently tampered with transcripts
26 | and the record. Apparently, the Judge does not believe
27 | Black Women, such as myself, have constitutional rights.
28 | (<u>SEE</u>, 3-3-04-docket 147; 3-22-04-docket 170; 3-22-04-docket 171;

(15 of 17)

and 10-29-04-docket 290; all regarding the transcripts and the record being fraudulently tampered with).

Certainly, the Constitution is violated when a defendant is subjected to a sham-circus trial, where the rules of law are disregarded, and the Judge's decisions are based on his personal motives.

Without a doubt, a Writ must issue when the Judge admits in open court, on the record, that he is purposefully holding the Defendant illegally. A true and correct copy of the 12-2-03 Transcript where the Judge states, "you are being held illegally" is attached as EXHIBIT "A" and is incorporated herein by this reference.

Further, any of the aforementioned claims standing alone, requires a writ issue. The cumulative effect of all these claims taken together, makes it an outrageous injustice if a writ does not issue forthwith.

## CONCLUSION

Therefore, I request this Petition be granted forthwith, and a Writ issue ordering my immediate release. Alternatively, I request _immediate_ modification of my custody status, ordering my release to a halfway house, pending further briefing and the Respondents' response. (SEE, Marino v. Vasquez, 812 F.2d 499, 507-08 (9th CIR. 1987) ("The federal court's authority to release [Ms. Glass] on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself."); SEE ALSO, Hertz, Randy, and Liebman, James S., Federal Habeas Corpus Practice and Procedure,

16 of 17

5th ed., Matthew Bender & Company, Inc., Newark, N.J., 2005: Section 14.2 <u>Release on Recognizance or Surety</u>, Page 769.

It is true, the attached petition does <u>not</u> detail all of Ms. Glass' claims. However, Ms. Glass argues, her incarceration is so clearly illegal, it does not require much, to prove a writ must issue forthwith. Currently, Ms. Glass does not have the record and transcripts, and therefore, she has done the best she could in preparing this Petition.

Therefore, Ms. Glass requests this judge issue a writ, forthwith. (28 U.S.C. § 2243, paragraph 1 states, "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the Writ..."). Should this court not have enough information to forthwith award the writ, Ms. Glass requests the Court order Respondents to provide her with necessary parts of the record, pursuant to 28 U.S.C. §§ 2249 and 2250, and Ms. Glass will request leave to amend her petition.

I, <u>Leigh-Davis Glass</u>, declare under penalty of perjury under the laws of the United States of America, the foregoing petition is true and correct.

Date: <u>3-18-08</u>   BY: <u>L.D. Glass</u>

Leigh-Davis Glass
Petitioner

17 of 17

SACR 02-03⌣DOC             December 2, 2003                          34

```
 1          MS. FREEMAN:  Yes.
 2          THE COURT:  Okay, 10:00 a.m.
 3          Now, just a moment.
 4          (Discussion held off the record.)
 5          THE COURT:  Back on the record.
 6          I'm available, Ms. Freeman, all day Friday, but on
 7  Monday I have a very limited period of time, so it's about one
 8  hour, and I can take the matter for an hour, but that's all the
 9  time I have on that day, and then I'm not available until
10  Friday of that week, which would be December 12th, if we don't
11  finish.  So everybody is forewarned, although I can take the
12  matter Friday.
13          You are not available; is that correct?
14          MS. FREEMAN:  That's correct, your Honor.  I am out of
15  town.
16          THE COURT:  Okay.
17          (Discussion held off the record.)
18          THE COURT:  All right, then, counsel.
19          Now, Ms. Glass, you have the right, and I think it's
20  the Court's responsibility to sentence you on today's date.  In
21  my opinion, you are being held illegally at the present time,
22  unless I impose sentence.  Is it your request and with your
23  personal consent that this matter goes over so your counsel has
24  some additional time to do research.  I know she wants to
25  persuade the Court again, and I'd like to pay her that
```

*[Handwritten annotation: "Admits to illegal holding." with bracket pointing to lines 20-21; "you are being held illegally" underlined]*

EXHIBIT "A"                                            000134

Jane C. Sutton, CSR No. 9316 - Federal Official Court Reporter

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                     CRIMINAL MINUTES - GENERAL
```

Case No: SA CR02-331(D) DCC                          Date: November 17, 2004

PRESENT: HONORABLE DAVID O. CARTER, JUDGE

Kristee Hopkins          Debbie Gale              Robert Keenan
Deputy Clerk             Court Reporter           Asst. U.S. Attorney

U.S.A. vs. (Defts listed below)                   Attorney for Defendants

1) LEIGH DAVIS GLASS, pro se           1) G. David Haigh (advisory)
   X pres  X custody  ___ bond            X pres   X apptd   ___ retnd

PROCEEDINGS:  1. DETENTION HEARING
              2. MOTIONS HEARING

The matter is called. Counsel recite their appearances.

Court rules on written and/or oral motions submitted by defendant as follows:

Notice to Clerk to protect the official record and serve orders, minute orders and docket forthwith, to stop tampering with the official record is DENIED without prejudice pending further evidence of wrongdoing.

Motion to Court for tentative ruling if and when conviction is overturned and when Ms. Glass is entitled to money damages for malicious prosecution and being held unconstitutionally on a void conviction is DENIED.

Ex parte application for order directing MDC Los Angeles to put attorney G. David Haigh's telephone number on defendant's phone list forthwith is GRANTED. G. David Haigh (counsel), Fred Krasco (Private Investigator), and Maria Marroquin (Counsel's Secretary) shall be added to defendant's telephone list.

Motion to order former standby counsel John Barton to turn over work-product, case notes and contact information for investigator, experts, etc. is DENIED.

                                                           PAGE
                                                           1 of 2

[ENTERED ON ICMS DEC - 6 2004]

Minutes Form 6
Crim - Gen (SA CR02-331(D) DCC)                    Initials of Deputy Clerk
                                                   Page 1 of 2

Motion to declare mistrial and strike every witnesses' testimony is DENIED.

Motion under 28 USC 2255 is not ruled on as the motion is premature.

Courtroom cleared for closed hearing regarding paralegal fees. Court orders closed portion of transcript sealed, to be opened by Court order.

Discussion between Court, defendant and advisory counsel regarding defendant's medical needs. Advisory counsel shall submit a proposed order under seal regarding defendant's specific medical needs and/or required medications while at MDC.

While incarcerated at MDC, Defendant shall receive any needed medical care and/or medications, as previously provided by her private doctor(s).

Court orders medical records faxed to this Court by Planned Parenthood sealed.

Detention Hearing is continued to November 23, 2004 at 8:00 a.m.

Motion for judgment of acquittal pursuant to Rule 29 is DENIED as the Court finds that defendant had consciously chosen not to participate in proceedings.

Motion to arrest judgment pursuant to Rule 34(a)(2) is DENIED as the Court does not have jurisdiction of any of the charged offenses.

Motion for new trial is delayed until the time of sentencing.

Motion for immediate release due to: (1) jail's violation of Court's order and fatal state of Ms. Glass' health; (2) impediment to Ms. Glass' defense and right of appeal and (3) immense foreseeable damage is DENIED.

Motion to sanction Joan Freeman and John Barton for: (1) delaying the turn over of defendant's file; (2) refusing to turn over key information regarding defendant's case; (3) abruptly withdrawing from case without regarding for defendant's and (4) failing to wind-up affairs is DENIED.

                                                           PAGE
                                                           2 of 2

EXHIBIT "B"