```
 1  LEIGH-DAVIS GLASS
    REG. NO. 24821-112
 2  FEDERAL PRISON CAMP--VICTORVILLE
    P.O. BOX 5100
 3  ADELANTO, CA 92301
 4
 5  FOR THE PETITIONER
 6
 7
 8          UNITED STATES DISTRICT COURT
 9          NORTHERN DISTRICT OF CALIFORNIA
10  LEIGH-DAVIS GLASS,          | NO. C 08-1585 JSW (PR)
11        PETITIONER,           | MOTION FOR RECONSIDERATION
12    V.                        | OF TRANSFER ORDER AND FOR
13  ROBERT E. McFADDEN; et al., | RELIEF FROM JUDGMENT
14        RESPONDENTS.          | [F.R.C.P. 60(b)(4) & (b)(6)]
15                                TIME: A.S.A.P.  DATE: A.S.A.P.
16
17      COMES NOW PETITIONER, MS. GLASS, WHO REQUESTS
18  THIS COURT RESCIND ITS 5-13-08 TRANSFER ORDER,
19  AND IMMEDIATELY RULE ON THE MERITS OF MS. GLASS'
20  PETITION.
21      IT IS TRUE, NORMALLY, JURISDICTION IS WHERE THE
22  INMATE IS HOUSED. HOWEVER, MS. GLASS MADE A PROPER
23  SHOWING: THIS IS NOT A NORMAL CASE. IN FACT, MS.
24  GLASS' PETITION DOCUMENTED; MS. GLASS' RIGHTS
25  HAVE BEEN REPEATEDLY VIOLATED IN THE CENTRAL
26  DISTRICT; THE CENTRAL DISTRICT HAS INTENTIONALLY
27  IMPEDED ~~WITH~~ MS. GLASS' RIGHT TO HABEAS RELIEF;
28  AND MS. GLASS HAS NOT, AND WILL NOT, RECEIVE A FAIR
```

FILED
08 MAY 27 PM 2:51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(1 of 2)

1. HEARING IN THE CENTRAL DISTRICT. FURTHER, MS. GLASS'
2. PETITION DOCUMENTED: THE CENTRAL DISTRICT "ADMITTED"
3. IT WAS HOLDING MS. GLASS ILLEGALLY, AND ALSO,
4. WITHOUT JURISDICTION. IT IS "SILLY" TO THINK, A DISTRICT
5. THAT IS INTENTIONALLY DOING SOMETHING ILLEGAL, WOULD
6. REVERSE ITSELF.
7.     IN THIS CASE, MS. GLASS MADE A PROPER SHOWING,
8. JURISDICTION IS REQUIRED AND PROPER, IN THE NORTHERN
9. DISTRICT. SEE, RASUL v. BUSH, 124 S.Ct. 2686, 2695 (U.S. 2004);
10. QUOTING, BRADEN v. 30th JUDICIAL CIRCUIT COURT OF KENTUCKY,
11. 410 U.S. 484, 494-495 (U.S. 1973)(JURISDICTION WITHIN THE
12. MEANING OF § 2241 IS PROPER IF "the custodian can be
13. reached by service of process.").
14.     MOREOVER, BECAUSE MS. GLASS MADE A PROPER SHOWING,
15. SHE SHOULD HAVE HAD THE OPPORTUNITY TO ARGUE AGAINST A
16. POSSIBLE TRANSFER. RATHER, THE TRANSFER ORDER WAS ISSUED
17. WITHOUT NOTICE OR AN OPPORTUNITY TO BE HEARD. SEE, U.S. v.
18. BERKE, 170 F.3d 882, 883 (9th Cir. 1999)(A FINAL JUDGMENT IS
19. VOID, PURSUANT TO FRCP 60(b)(4), IF THE COURT ACTED IN A
20. MANNER INCONSISTENT WITH DUE PROCESS OF LAW).
21.     FURTHERMORE, AS EVIDENCE OF THE CENTRAL DISTRICT'S
22. CONTINUED BAD FAITH; IT HAS DENIED THAT THIS CASE WAS TRANSFERRED.
23.     THEREFORE, FOR ALL OF THE FOREGOING REASONS, THIS
24. CASE MUST BE HEARD IN THE NORTHERN DISTRICT, FORTHWITH.
25. DATE: 5-21-08                    RESPECTFULLY SUBMITTED, V.D. Glass
26.                [PROOF OF SERVICE]
27. ON 5-21-08, NO ONE WAS SERVED, BECAUSE NO ONE HAS APPEARED,
28. AND THUS, SERVICE IS NOT REQUIRED. DATE: 5-21-08 BY: V.D. Glass